IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL WRIGHT § <br> § <br> § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> § <br> JONATHAN TATLOW, CITY OF § <br> SAN ANTONIO, SAN ANTONIO § <br> POLICE DEPARTMENT, and § <br> DETECTIVE JOHN DOE § <br> § <br> Defendants. § | CIVIL ACTION NO. 5:21-cv-945 |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Michael Wright (hereinafter "Plaintiffs"), files this his Original Complaint and in support respectfully shows the Court as follows:

**I.**

**INTRODUCTION**

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 arising from an unlawful arrest that occurred in San Antonio, Texas on October 4, 2019. The arrest was one that was predicated on no reasonable belief that Plaintiff, Michael Wright had acted in anyway unlawful and no particularized facts to establish probable cause.

Plaintiff is seeking damages against Defendants, City of San Antonio, San Antonio Police Department, San Antonio Police Officer Jonathan Tatlow, and Detective John Doe in their individual capacities, for committing acts under color of law, which deprived Plaintiff, of Plaintiff's rights securedunder the Constitution and Laws of the United States.

Plaintiff also seeks damages against an unnamed San Antonio Police Detective whose name was redacted for identity protection purposes and will be listed as Detective "John Doe."

## II.

## PARTIES

2. Plaintiff, Michael Wright ("Wright"), is a resident of Bexar County, Texas.

3. San Antonio Police Officer, Jonathan Tatlow, is a police officer with the City of San Antonio. He acted under the color of law of the statutes, ordinances, regulations, policies, customs, and usages of the State of Texas. Defendant Tatlow may be served at the San Antonio Police Department at 315 South Santa Rosa, San Antonio, Texas 78207.

4. San Antonio Police Officer Detective, John Doe, is a Detective with the City of San Antonio Police Department He acted under the color of law of the statutes, ordinances, regulations, policies, customs, and usages of the State of Texas. Defendant John Doe may be served at the San Antonio Police Department at 315 South Santa Rosa, San Antonio, Texas 78207.

5. San Antonio Police Department is a Government Police Agency organized under the laws of the State of Texas and the City of San Antonio and promulgated ordinances, regulations, policies and procedures, customs and usages of the State of Texas

and may be served by serving the City Manager at City Hall, 100 Military Plaza, San Antonio, Texas 78205.

6. City of San Antonio is a municipality organized under the laws of the state of Texas and organized a police department promulgated ordinances, regulations, policies and procedures, customs and usages of the State of Texas and may be served by serving the City Manager at City Hall, 100 Military Plaza, San Antonio, Texas 78205.

### III.

### JURISDICTION

7. This action is brought pursuant to 42 U.S.C. § 1983 and 1988. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C § 1331, as this lawsuit arises under the Constitution, laws, or treaties of the United States.

### IV.

### VENUE

8. Venue is proper in this Court under 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

V.

**FACTUAL BACKGROUND**

9. On October 4, 2019, Plaintiff, Michael Wright, turned himself in to the San Antonio Police Department located at 222 S. Comal. as a result of a domestic abuse warrant that was issued against another individual with the same name. As a result of the warrant the SAPD went to several different locations, including the house of Plaintiff's parents in an attempt to detain him. When Plaintiff was made known of this issue, he reported to the proper authorities.

When Plaintiff turned himself in to authorities, he was immediately arrested in front of his family and taken to a holding cell. Plaintiff was kept in the holding cell for several hours despite his attempts to clear up the situation.

10. The San Antonio Police Department had arrested the correct Michael Wright before True Bill of Indictment was ever filed. The SAPD was also aware of the identity of the correct Michael Wright before Plaintiff turned himself in. The Michael Wright who had the charges filed against him was over six feet with dreadlocks. Plaintiff is five foot 7 inches with a clean bald head. The fact that both Michael Wright's are black males should not have caused such a clear mistake of identity.

11. Plaintiff was forced to appear before the court and hire a lawyer for his defense.

12. Plaintiff works in the government sector and the charge of "assault-family-choking/strangulation appeared on his background check for over two years.

13. This resulted in Plaintiff losing countless promotions and the ability to advance

his career. Even after removing the charge from his record, his reputation remains damaged.

### DEFENDANTS' DECISION TO ARREST

14. The decision to arrest Plaintiff was initiated by a lack of proper radio and communication protocol in the identification of an alleged perpetrator by Defendants. The decision was made arbitrarily and capriciously without any reasonable suspicion or probable cause to believe Plaintiff was an alleged perpetrator or was in the commission of a crime.

15. The lack of communication between the Defendants and failure to verify the identification of Plaintiff was a decision made at the time of arrest by the Defendants.

16. At no time did any of the Defendants attempt to compare the description of the alleged perpetrator with that of the Plaintiff.

17. The height, weight and age of the alleged perpetrator and Plaintiff were completely ignored by the Defendants.

18. Defendants lacked reasonable suspicion, probable cause or any evidence that Plaintiff was or had engaged in criminal conduct.

### VI.

### FACTS PERTAINING TO PLAINTIFF

19. Plaintiff, Michael Wright, is a 35-year-old married man with a loving wife and three beautiful children.

PLAINTIFF's ORIGINAL COMPLAINT

20. Plaintiff grew up in San Antonio, Texas.

21. Plaintiff was employed as a government contractor in the IT sector.

22. Plaintiff was engaged in **completely lawful conduct** at all times relevant to his detention by Defendants.

23. Plaintiff is a resident of Bexar County, San Antonio Texas.

24. Plaintiff had not engaged in any criminal activity on the day of the incident which would lead any police officer or agency to have reasonable suspicion or probable cause to arrest Plaintiff.

25. Plaintiff was completely compliant with all requests by the police officers despite the police officers arrest.

26. No probable cause affidavit was sworn out for Plaintiff at any time incident to the arrest.

## VII.

## CAUSES OF ACTION

### 42 U.S.C. § 1983 – 4th Amendment Violation

27. Paragraphs 1-26 are incorporated herein by reference.

28. Plaintiff had a clearly established Constitutional right to be free from unlawful arrest. As a direct result of Defendants' conduct, Plaintiff was falsely arrested despite the absence of probable cause to establish that Plaintiff had committed a crime. Defendants' conduct, as described above, deprived Plaintiff of his right to be secure in his person against unreasonable seizure, in violation of the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983.

29. The Fourth Amendment of the U.S. Constitution states,

> "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, **and no warrants shall issue, but upon probable cause**, supported by oath or affirmation, and **particularly describing** the place to be searched, and the persons or things to be seized." (*Emphasis added.*)

As the Supreme Court of the United States has plainly stated, "**[w]here the standard is probable cause, a**... **seizure of a person must be supported by probable cause particularized with respect to that person**." *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979).[1]

30. Plaintiff pleads that Defendants Tatlow, and Detective John Doe knowingly and intentionally, or with reckless disregard for the truth, caused Plaintiff to be assaulted by not verifying Plaintiff's identification nor establishing that Plaintiff was the correct individual.

31. As set forth in *Malley v. Briggs*, and its progeny, the Plaintiff's Fourth Amendment rights were violated when no probable cause or reasonable suspicion existed for the apprehension and assault of Plaintiff for simply having the same name as the alleged assailant.

---

[1] 2 *See also Maryland v. Pringle*, 540 U.S. 366, 371 (2003) ("...**the belief of guilt must be particularized with respect to the person to be searched or seized.**"); *Trapper v. North Carolina*, 451 U.S. 997, 1000 (1981); *Michigan v. Summers*, 452 U.S. 692, 695, n. 4 (1981); *U.S. v. Hearn*, 563 F.3d 95, 103 (5th Cir. 2009) (quoting *Ybarra*, 444 U.S. at 91); *U.S. v. Zavala*, 541 F.3d 562, 575 (5th Cir. 2008); *Williams v. Kaufman Co.*,

**42 U.S.C. § 1983 – 4th Amendment Violation**

32. Paragraphs 1-31 are incorporated herein by reference.

33. In the alternative, Plaintiff pleads civil liability against Defendants based on a "Franks" violation. *See Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). *See also Hale v. Fish*, 899 F.2d 390, 400 n.3 (5th Cir. 1990). Defendants, Officer Virgilio Gonzalez, Officer Tatlow and Detective John Doe, knowingly and intentionally, or with reckless disregard for the truth, assaulted Plaintiff without reasonable suspicion or probable cause and in violation of Procedure 501 of the San Antonio Police Department protocol for use of excessive force.

34. Defendants' statements all admit that they arrested and assaulted the wrong person under the guise of a misidentification.

35. No probable cause affidavit was sworn out for Michael Wright and thus the Defendants had no reason to detain or question Plaintiff.

**42 U.S.C. § 1983 – 14th Amendment Violation**

36. Paragraphs 1-35 are incorporated herein by reference.

37. If it is determined that a Fourth Amendment violation is not sustainable, Plaintiff alternatively asserts a violation of his Due Process rights under the Fourteenth Amendment to be free from unlawful arrest as a result of false and misleading statements that were knowingly, or with reckless disregard included in the communication between the police officers.

---

352 F.3d 994, 1003 (5th Cir. 2003) (quoting *Ybarra*, 444 U.S. at 91); *Merchant v. Bauer*, 677 F.3d 656, 666 (

38. Specifically, Plaintiff has rights guaranteed by the Fourteenth Amendmentnot to have law enforcement deliberately fabricate evidence, that Defendants know to be false which resulted in the unlawful arrest of Plaintiff.

39. Here, Defendants knew there was no basis for the claim that Plaintiff was a suspect that had committed a crime. By arresting Plaintiff and assaulting Plaintiff, Defendants violated Plaintiff's Fourteenth Amendment rights. This is conduct sufficient to shock the conscience for substantive due process purposes.

### OFFICIAL POLICY OR CUSTOM
### AGAINST THE CITY OF SAN ANTONIO AND THE SAN ANTONIO POLICE DEPARTMENT

40. Plaintiff incorporates paragraphs 1-39 as set forth.

41. Defendants, CITY OF SAN ANTONIO and SAN ANTONIO POLICE DEPARTMENT, are liable under 42 U.S.C. § 1983 because the deprivation of Michael Wright's constitutional rights resulted from one or more official policies or customs of Defendants, CITY OF SAN ANTONIO and SAN ANTONIO POLICE DEPARTMENT. Specifically, the policies or customs involved include, but are not limited to, any and all policies or customs instructing or allowing officers to identify citizens, make stops, searches, investigative detentions and arrests without possessing, or having training or instruction to use, less than lethal control devices and tactics.

**search or seizure of a person must be supported by probable cause particularized with respect to that person.'"**); *Hawkins v. Mitchell, et al*, 983, 994 (7th Cir. 2014); *U.S. v. Ojeda-Ramos*, 455 F.3d 1178, 1181 (10th Cir. 2006) (quoting *Ybarra*, 444 U.S. at 91); *U.S. v. Guzman*, SA-13-CR-89-DAE (W.D. Tex. 2013); *Dinler v. City of New York*, 2012 WL 4513352 *6 (S.D.N.Y 2012) ("**The Fourth Amendment does not recognize guilty by association**.")

42. The official policies or customs of THE CITY OF SAN ANTONIO and the SAN ANTONIO POLICE DEPARTMENT were a moving force and were a direct cause-in-fact of the deprivation of constitutional rights, as well as serious injuries sustained by Plaintiff. The official policies or customs of THE CITY OF SAN ANTONIO and THE SAN ANTONIO POLICE DEPARTMENT were likewise the proximate cause of Plaintiff's deprivation of constitutional rights, as well as of his injuries sustained. The policies or customs reflect deliberate indifference to the risk that members of the public will be subject to unreasonable search and seizure and excessive force, in violation of their Fourth Amendment right to be free from unreasonable search and seizure, and to the risk that members of the public will as a result suffer severe personal injuries and death.

43. These allegations are likely to have greater evidentiary support after a reasonable opportunity for further investigation or discovery.

### INADEQUATE TRAINING AND SUPERVISION AGAINST THE CITY OF SAN ANTONIO AND THE SAN ANTONIO POLICE DEPARTMENT

44. Plaintiff incorporates paragraphs 1-43 and incorporated by reference, as if fully set forth herein.

45. Defendants, City of San Antonio, Texas and the San Antonio Police Department are liable under 42 U.S.C. § 1983 because (1) their training and supervision relating to identification of citizens, stops, searches, investigative detentions and arrests are inadequate; (2) their training and supervision relating to identifying citizens and the use of deadly force are inadequate; (3) their training and supervision relating to the use of less than lethal control devices and tactics are inadequate; (4) Defendants were deliberately indifferent to the safety and the constitutional rights of the public in adopting training and supervision policies and customs; and (5) the inadequate training and supervision directly and proximately caused the Plaintiffs' damages.

46. These allegations are likely to have greater evidentiary support after a reasonable opportunity for further investigation or discovery.

## VIII.

## DAMAGES OF PLAINTIFF, MICHAEL WRIGHT

47. As a direct and proximate result of the acts and omissions outlined above, Plaintiff has been severely damaged. Each Defendant, acting individually, or in concert with the other Defendants, has caused Plaintiff to suffer the damages described below.

48. Plaintiff seeks compensatory damages in an amount deemed sufficient by the trier of fact to compensate him for his damages, which includes but are not limited to past and future medical expenses and cost associated with medical treatment and care past and future, loss of the enjoyment of life's pleasures, past and future mental

anguish, past and future pain and suffering, and past and future lost wages and lost earning capacity, disfigurement, past and future.

49. Plaintiff also seeks exemplary damages against each Defendant.

50. Plaintiff has retained the services of the undersigned counsel, and claims entitlement to an award of reasonable and necessary attorney's fees under 42 U.S.C. § 1983 and 1988.

## IX.

## JURY DEMAND

51. Plaintiff respectfully requests a trial by jury.

### PRAYER FOR RELIEF

For these reasons, Plaintiff seeks a judgment against Defendants for:

    a. compensatory and actual damages in an amount deemed sufficientby the trier of fact;

    b. exemplary damages;

    c. attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988;

    d. costs of court; and

    e. interest allowed by law for prejudgment or post-judgment interest.

Respectfully submitted,

**MACK INJURY ATTORNEYS**
 8023 Vantage Dr., Suite 690
San Antonio, Texas 782320
Telephone:   (210) 333-6225
Telefacsimile: (210) 855-3152


 /S/ _Nathaniel Mack III_
 NATHANIEL MACK III
 State Bar No. 24078896
 ATTORNEY FOR PLAINTIFF




**PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL.**