UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MICHAEL WRIGHT,

    *Plaintiff*,

v().                                    Case No. 5:21-cv-00945-JKP-ESC

JONATHAN TATLOW,
CITY OF SAN ANTONIO,
SAN ANTONIO POLICE DEPARTMENT,
DETECTIVE JOHN DOE,

    *Defendants*,

## ORDER GRANTING
## MUNICIPAL DEFENDANTS' MOTION TO DISMISS

Before the Court is a motion to dismiss filed by the City of San Antonio and the San Antonio Police Department (SAPD) (ECF No. 6). With the filing of the response (ECF No. 8) and reply (ECF No. 9) the motion is ripe for ruling. For the reasons set forth below, the Court grants the motion.

**Background**

Plaintiff brings *Monell* claims against the City of San Antonio and SAPD (the municipal defendants) under 42 U.S.C. § 1983 alleging unconstitutional policy or custom and failure to train or discipline theories of liability. ECF No. 1 ¶¶ 40-46. The municipal defendants move to dismiss the claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 6. Defendants contend that Plaintiffs' conclusory allegations are insufficient to state any claim pursuant to *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978).

**Legal Standard**

Under Fed. R. Civ. P. 12(b)(6), litigants may move to dismiss asserted claims for "failure

to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of a claim. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014).

When ruling on a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Id.* at 563 n.8. Nevertheless, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Facts alleged in a pleading must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. As *Twombly* states, to avoid dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

**Applicable Law**

"Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (citation and internal quotation marks omitted). A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

Municipal liability under § 1983 requires proof of: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights (4) whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Grandstaff v. City of Borger,* 767 F.2d 161, 171 (5th Cir. 1985) ("(1) a policy (2) of the city's policymaker (3) that caused (4) the plaintiff to be subjected to a deprivation of constitutional right.") An official policy, for purposes of § 1983 liability, is "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." *Bennett v. City of Slidell*, 735 F.2d

3

861, 862 (5th Cir. 1984) (*en banc*). Alternatively, official policy is "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.; accord Gomez v. Galman*, 18 F.4th 769, 777 (2021); *see also Monell*, 436 U.S. at 690-91 (allowing § 1983 liability for governmental custom which causes injury to federal rights "even though such a custom has not received formal approval through the body's official decision making channels").

A municipality may be liable under § 1983 for failure to train its municipal employees. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). The same is true for a claim based upon a municipality's failure to supervise or discipline its police officers. *Deville v. Marcantel*, 567 F.3d 156, 171 (5th Cir. 2009). Such claims "must identify the policy, connect the policy to the city itself[,] and show that the particular injury was incurred because of the execution of that policy." *Vega v. Cameron Cnty., Texas*, 856 F. App'x 532, 533 (5th Cir. 2021). A successfully pled claim for failure to train pleads facts plausibly establishing "(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 285 (5th Cir. 2020). A plaintiff must "allege with specificity how a particular training program is defective." *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). Deliberate indifference is alleged with facts that show the "municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410 (1997). Alternatively, a plaintiff must show that "in light of the duties assigned to specific officers or employees, need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional

rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009).

**Discussion**

To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 556; *accord Iqbal*, 556 U.S. at 678. Facts alleged in a pleading must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff's complaint alleges conclusory and formulaic theories of liability, to wit:

> the deprivation of Michael Wright's constitutional rights resulted from one or more official policies or customs of Defendants, City of San Antonio and [SAPD]. Specifically, the policies or customs involved include, but are not limited to, any and all policies or customs instructing or allowing officers to identify citizens, make stops, searches, investigative detentions and arrests without possessing, or having training or instruction to use, less than lethal control devices and tactics.
>
> The official policies or customs of the City of San Antonio and [SAPD] were a moving force and were a direct cause-in-fact of the deprivation of constitutional rights, as well as serious injuries sustained by Plaintiff. The official policies or customs of the City of San Antonio and [SAPD] were likewise the proximate cause of Plaintiff's deprivation of constitutional rights, as well as of his injuries sustained. The policies or customs reflect deliberate indifference to the risk that members of the public will be subject to unreasonable search and seizure and excessive force, in violation of their Fourth Amendment right to be free from unreasonable search and seizure, and to the risk that members of the public will as a result suffer severe personal injuries and death.
>
> Defendants, City of San Antonio, Texas and [SAPD] are liable under 42 U.S.C. § 1983 because (1) their training and supervision relating to identification of citizens, stops, searches, investigative detentions and arrests are inadequate; (2) their training and supervision relating to identifying citizens and the use of deadly force are inadequate; (3) their training and supervision relating to the use of less than lethal control devices and tactics are inadequate; (4) Defendants were deliberately

5

      indifferent to the safety and the constitutional rights of the public in adopting training and supervision policies and customs; and (5) the inadequate training and supervision directly and proximately caused the Plaintiffs' damages.

ECF No. 1 ¶¶ 41, 42, 45.

      In the motion to dismiss, Defendants' identify as grounds for dismissal Plaintiff's failure to sufficiently allege (1) "a policy, ordinance, regulation, or decision that was officially adopted and promulgated by a specific policy maker"; (2) "a custom or practice that served as the "moving force" behind Wright's alleged constitutional violations"; and (3) "a specific pattern of similar violations." ECF No. 6 ¶¶ 8-12. Plaintiff's response does not attempt to cure the deficiencies identified in the motion to dismiss by clarifying or expanding upon the facts alleged. For example, the response does not identify or describe the allegedly unconstitutional policy or custom, supply facts that show how SAPD has failed to train police officers, or show a pattern of similar violations. The response does not point to facts in the live pleading that support Plaintiff's claims nor does it present facts Plaintiff would allege in an amended complaint that would cure the pleading deficiencies identified in the motion to dismiss. And while Plaintiff states that his "allegations are likely to have greater evidentiary support after a reasonable opportunity for further investigation or discovery" (ECF No. 1 ¶¶ 43, 46), he does not propose what facts or evidence might be revealed upon conducting further investigation or engaging in discovery.

      Fundamental to stating a claim is pleading facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. An adequately asserted claim provides "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Absent factual allegations that support the elements of the claims alleged, Plaintiff has failed to state a claim upon which relief can be granted under the well-established standards set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**Conclusion**

For the reasons set forth above, the Court **GRANTS** the City of San Antonio and the San Antonio Police Department's motion to dismiss (ECF No. 6). The Court dismisses the City of San Antonio and the San Antonio Police Department from this lawsuit.

**It is so ORDERED this 26th day of April 2022.**

*[signature: Jason Pulliam]*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**